■ Elizabeth Combier, Appellant, v Fred Anderson et al., Respondents. [808 NYS2d 902]—Order, Supreme Court, New York County (Lottie E. Wilkins, J.), entered August 24, 2004, which denied plaintiff's motion to set aside the verdict in defendants' favor, unanimously affirmed, without costs.

The jury's determination that defendants' brief delay in returning plaintiff's mother's ashes was justified, under the circumstances, is supported by a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 133-134 [1985]). The verdict also is not irrational as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

We have examined plaintiff's remaining contentions and find them without merit. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.

■ The People of the State of New York, Respondent, v Richard Cooke, Appellant. [808 NYS2d 902]—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered on or about January 28, 2004, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.